Raymond A. Meier, Esq. Corporation Counsel, Rome
You have asked whether a local law authorizing the common council of your city to employ its own attorney on a per case basis would be subject to mandatory referendum.
Under the provisions of your city's charter, the corporation counsel is appointed by the mayor (Charter Laws of the City of Rome, § 7, hereafter "Charter"). The corporation counsel is the head of the department of law (id., § 170). The department consists of such assistants and subordinates to the corporation counsel as are prescribed by law, by the Charter or by the board of estimate and contract (ibid.). It is the duty of the corporation counsel to serve "as the legal adviser of the common council and of the several officers, boards, and departments of the city, and he shall appear for and protect the rights and interest of the city in all actions, suits and proceedings brought by and against it or any city officer, board or department; and such officers, boards or departments shall not employ other counsel" (ibid.).
A local law is subject to mandatory referendum if it "abolishes, transfers or curtails any power of an elective officer" (Municipal Home Rule Law, § 23[2][f]). The question is whether a local law amending your city's charter to authorize the city council to employ its own counsel is subject to mandatory referendum as a curtailment or transfer of the power of the mayor to appoint a corporation counsel who, under the city charter, is the legal adviser of the common council.
A local law transferring the power to fill an appointive office from an elective officer to another is subject to mandatory referendum as a transfer of a power of an elective officer (1978 Op Atty Gen [Inf] 148). We believe that the transfer of some or all of the duties of an appointee of an elective officer to another official appointed by another officer or board would effectively transfer or curtail the powers of the elective officer. There is little practical difference between such a transfer of duties and a transfer of the power of appointment. If a distinction were made between the two actions, it would be possible, without referendum,
to transfer all the duties of an appointee of an elective official and thus accomplish indirectly what could not be done directly through a transfer of the power of appointment. We have previously concluded that such a transfer of duties is subject to mandatory referendum as an abolition, transfer or curtailment of a power of an elective officer (1975 Op Atty Gen [Inf] 219).
Under your city's charter, the mayor appoints the corporation counsel, who is the legal adviser of the city (Charter, § 170). The corporation counsel with the assistance of his staff in the city's department of law represents the city in all litigation brought by or against it or its officers and serves as legal adviser to the common council and the several officers, boards and departments of the city. We believe a local law that generally authorizes the common council to employ its own legal counsel to advise and represent it would clearly withdraw a significant duty of the corporation counsel, and therefore would effectively transfer or curtail a power of the mayor. The proposed local law is subject to mandatory referendum under section23 of the Municipal Home Rule Law.
The above circumstances should be distinguished from special situations, for example, where it is desirable for the city or one of its departments to employ outside counsel to handle certain matters involving special expertise not possessed by the city's department of law; or where the corporation counsel has a conflict; or where there is litigation between two city departments. In these situations, it is our opinion that separate counsel may be utilized without referendum. In these cases outside counsel would be retained only for purposes of a particular matter, and, therefore, there would be no withdrawal of the corporation counsel's duties under the charter.
We conclude that a local law generally authorizing the common council to employ its own legal counsel to advise and represent it would, under the Rome City Charter, withdraw a significant duty of the corporation counsel and therefore would transfer or curtail a power of the mayor, who appoints the corporation counsel. The proposed local law is subject to mandatory referendum. In certain situations, separate counsel may be authorized without referendum.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.